```
UNITED STATES DISTRICT COURT                    NOT FOR PRINT OR
EASTERN DISTRICT OF NEW YORK                    ELECTRONIC PUBLICATION
------------------------------------------------x
RABINDRANAUTH PERSAUD,

                        Petitioner,             MEMORANDUM & ORDER
        -against-
                                                08-CV-4365 (CBA)
THE UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------x
```
AMON, United States District Judge.

Petitioner Rabindranauth Persaud, who is currently incarcerated at the Federal Correctional Institution at White Deer, Pennsylvania, brings this *pro se* petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651(a). For the reasons discussed below, the petition is hereby dismissed.

## BACKGROUND

Petitioner was convicted by a jury in this Court on March 19, 2002. United States v. Persaud, No. 01 CR 1342-02 (CBA) (E.D.N.Y.). The Court entered judgment and sentence on November 25, 2002. Petitioner appealed to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on March 15, 2004. United States v. Persaud, 87 Fed. Appx. 214 (2d Cir. 2004). Thereafter, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which was denied by this Court on December 28, 2005. Persaud v. United States, No. 04 CV 2861 (CBA) (E.D.N.Y. Dec. 28, 2005). Since then, Petitioner has sought additional avenues to challenge his conviction and sentence, including motions styled as a "Petitioner Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3553(a)," filed on August 8, 2006, and a "Petitioner Motion for Reduction of Sentence Pursuant

1

to Rule 60(b)(1) of the Federal Rules of Civil Procedure," filed on September 8, 2006. These motions were denied by the Court on December 18, 2006 and December 22, 2006. See Persaud v. United States, No. 06 CV 3955 (CBA) (E.D.N.Y. Dec. 29, 2006)(entry of judgment dismissing the petition).

The instant petition seeks a writ of *audita querela* challenging his conviction on the grounds of insufficiency of the evidence.

## DISCUSSION

The writ of *audita querela* may be available where there is a legal objection to a conviction that is not redressable pursuant to another post-conviction remedy. United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995); Durrani v. United States, 294 F. Supp. 2d 204, 217 (D. Conn. 2003). Thus, the writ of *audita querela* is available only to fill any gaps of the federal post-conviction remedial framework. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie.").

In the instant case, not only is there no gap in the post-conviction remedies available to petitioner, but petitioner has already requested relief through the allowable remedies, and has also filed multiple petitions with this Court challenging his 2002 conviction. Here, petitioner argues that his conviction should be set aside because the conviction was "defective," in that he claims that he was arrested, indicted, and convicted for non-criminal conduct. (Petition at 1B.) This claim, essentially challenging the sufficiency of the evidence, could have been raised on direct appeal or through a § 2255 petition. A writ of *audita querela* may not be used to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996, which

limits the availability of a second or successive § 2255 petition. See, e.g., D'Amico v. United States, No. 94 Civ. 3825 (PKL), 2000 WL 686371, at *3-4 (S.D.N.Y. May 26, 2000) (petitioner not entitled to relief under 28 U.S.C. § 1651(a) where his claim under Section 2255 is barred by the successive petition rule). Accordingly, a writ of *audita querela* may not lie, and thus the petition is dismissed.

## CONCLUSION

For the foregoing reasons, the petition for a writ of *audita querela* is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                  s/Hon. Carol B. Amon  
                                                  CAROL BAGLEY AMON  
                                                  United States District Judge

Dated: Brooklyn, New York  
       November 24, 2008

3